# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

*Civil Case No. 12-cv-01918-PAB-MJW*

**MARGARITA MADRIGAL**, individually
and on behalf of the Estate of Juan Contreras and as next friend of the minor children,
**M.M.**, a minor child,
**R.M.M.**, a minor child,
**J.M.**, a minor child,

       Plaintiffs,

v.

**RANDALL CARROLL**, individually and as a Police Officer of the City of Aurora,
**CRAIG COLLINS**, individually and as a Police Officer of the City of Aurora,
**KEVIN ROLLINS**, individually and as a Police Officer of the City of Aurora,
**TIMOTHY DUFOUR**, individually and as a Police Officer of the City of Aurora
**J.D. WYKSTRA**, individually and as a Police Officer of the City of Aurora
**LELAND SILVER**, individually and as a Police Officer of the City of Aurora
**DANIEL J. OATES**, individually, and as Chief of Police of the City of Aurora,
**JOHN** and **JANE DOES**, Aurora Police officers whose true names and identifies are unknown
**CITY of AURORA, COLORADO**, a municipal corporation.

       Defendants.

---

## STIPULATED PROTECTIVE ORDER (Docket No 51-1)

---

This matter comes before the Court on the parties Joint Motion for Entry of Stipulated

Protective Order pursuant to C.R.C.P. 26(c). Upon a showing of good cause in support of the

entry of a protective order to protect the discovery and dissemination of confidential information,

which will improperly annoy, embarrass, or oppress any party, witness, or person providing

discovery in this case, IT IS SO ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in *Fed.R.Civ.P. 34(a)*. A draft or non-identical copy is a separate document within the meaning of this term.

3.     Any information designated by a party as Confidential must be reviewed by counsel who will certify that the designation as Confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of the Plaintiffs and the Defendants in this matter, including current and former employees of Aurora Police Department and the City of Aurora. *See, e.g.*; COLO. REV. STAT. 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.*, 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records); *Everitt v. Brezzel*, 750 F.Supp. 1063 (D.Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980). "Confidential Information" includes, but is not limited to:

    a.     Medical records and/or "Protected Health Information";

    b.     the Parties and/or their representatives' personnel files;

    c.     peer review and quality assurance documents;

       d.     internal affairs investigation files;

       e.     Plaintiff's employment, tax, and/or financial records.

5.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

       a.     attorneys actively working on this case;

       b.     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

       c.     the parties and designated representatives for the entity defendants;

       d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

       e.     the Court and its employees ("Court Personnel");

       f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       g.     deponents, witnesses, or potential witnesses; and

       h.     other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she

has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.     Where Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

a.     By imprinting the word "Confidential" on the first page or cover of any document produced (in a manner that will not interfere with their legibility);

b.     By imprinting the word "Confidential" next to or above any response to a discovery request; By identifying information as "Confidential" in any response to a discovery request (in a manner that will not interfere with their legibility).

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within ten (10) days after the time the notice is received requesting that the Court determine whether the disputed information should be subject

to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the ten (10) business days, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.    Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing under "restricted access" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under restricted access.  Any motion requesting leave to file documents under restricted access shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

11.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order. *until Termination of This case.* MJW 1-7-13

12.     By agreeing to the entry of this Protective Order, the parties have adopted no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. If a party elects to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

THE FOREGOING PROTECTIVE ORDER IS HEREBY MADE AN ORDER OF THIS COURT ON THIS 7th DAY OF January, 2013.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED AND AGREED TO:**

PADILLA & PADILLA, PLLC
*s/ Kenneth A. Padilla*
Kenneth A. Padilla
1753 Lafayette Street
Denver, CO 80218
Telephone: (303) 832-7145
Facsimile: (303) 832-7147
E-mail: padillaesq@aol.com
*Attorney for Plaintiff*

AURORA CITY ATTORNEY
*s/ Peter Ruben Morales*
Peter Ruben Morales
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
E-mail: pmorales@auoragov.org
*Attorney for Defendants Carroll, Collins,
Rollins, DuFour, Wykstra, Silver, and
Oates (official capacities only) and the
City of Aurora, Colorado*

NATHAN, BREMER, DUMM & MEYERS, P.C.
*s/ Bernard Woessner*
Bernard Woessner
7900 E. Union Ave., Suite 600
Denver, CO 80237
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
E-mail: bwoessner@nbdmlaw.com
*Attorney for Defendant Rollins
(individual capacity only)*

KISSINGER & FELLMAN, P.C.
*s/ Jonathan M. Abramson*
Jonathan M. Abramson
3773 Cherry Creek North Drive, Suite 900
Denver, CO 80209
Telephone: (303) 320-6100
Facsimile: (303) 327-8601
E-mail: jonathan@kandf.com
*Attorney for Defendants Oates and DuFour
(individual capacities only)*

BRUNO, COLIN, JEWELL & LOWE, P.C.
*s/ L. Douglas Jewell*
L. Douglas Jewell
1999 Broadway, Suite 3100
Denver, Colorado 80202
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
E-mail: djewell@brunolawyers.com
*Attorney for Defendants Carroll, Collins,
Silver and Wykstra (individual capacities
only)*

-7-

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

*Civil Case No. 12-cv-01918-PAB-MJW*

**MARGARITA MADRIGAL**, individually
and on behalf of the Estate of Juan Contreras and as next friend of the minor children,
**M.M.**, a minor child,
**R.M.M.**, a minor child,
**J.M.**, a minor child,

       Plaintiffs,

v.

**RANDALL CARROLL**, individually and as a Police Officer of the City of Aurora,
**CRAIG COLLINS**, individually and as a Police Officer of the City of Aurora,
**KEVIN ROLLINS**, individually and as a Police Officer of the City of Aurora,
**TIMOTHY DUFOUR**, individually and as a Police Officer of the City of Aurora
**J.D. WYKSTRA**, individually and as a Police Officer of the City of Aurora
**LELAND SILVER**, individually and as a Police Officer of the City of Aurora
**DANIEL J. OATES**, individually, and as Chief of Police of the City of Aurora,
**JOHN** and **JANE DOES**, Aurora Police officers whose true names and identifies are unknown
**CITY of AURORA, COLORADO**, a municipal corporation.

       Defendants.

---

## CONFIDENTIALITY AGREEMENT

---

       I, _____, have read the attached copy of the Stipulated Protective Order in the above-captioned matter and I understand its terms. I recognize that, in connection with my involvement in matters relating to the above-captioned litigation, I may have occasion to read or hear about documents produced in the lawsuit, or learn of other information, that has been designated "CONFIDENTIAL" (hereafter, the "Information"). I agree to read, review and use any such Information solely and exclusively in connection with my participation in this litigation. I agree to abide by the Protective Order in every respect. I agree that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Stipulated Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I agree to return all copies of such Information to the disclosing attorney at the conclusion of this litigation, so that the disclosing attorney may return the Information to the designating party or destroy the Information. I further consent to the jurisdiction and venue of the Court in which this litigation is pending.

---

DATE                                       SIGNATURE