IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01918-PAB-MJW

MARGARITA MADRIGAL, individually
and on behalf of the Estate of Juan Contreras and as next friend of the minor children,
M. M., a minor child,
R. M. M., a minor child,
J. M., a minor child,

Plaintiff(s),

v.

RANDALL CARROLL, individually and as a Police Officer of the City of Aurora,
CRAIG COLLINS, individually and as a Police Officer of the City of Aurora,
KEVIN ROLLINS, individually and as a Police Officer of the City of Aurora,
TIMOTHY DUFOUR, individually and as a Police Officer of the City of Aurora
J.D. WYKSTRA, individually and as a Police Officer of the City of Aurora
LELAND SILVER, individually and as a Police Officer of the City of Aurora
DANIEL J. OATES, individually, and as Chief of Police of the City of Aurora,
JOHN and JANE DOES, Aurora Police officers whose true names and identifies are unknown
CITY of AURORA, COLORADO, a municipal corporation.

Defendant(s).

---

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

The parties telephoned Magistrate Judge Watanabe's chambers during the deposition of Defendant J. D. Wykstra.  Record was made by court reporter covering the deposition of Defendant Wykstra.  After much discussion, the court entered the following ORDERS:

(1)  ORDERED: Plaintiff's Oral Motion to Not Allow the Defendant Police Officers from having their weapons [guns] on their persons during their or any other witness or party's deposition is GRANTED.  The parties are to try and set the depositions of the Defendant Police Officers during their off-duty days, if possible.

(2) ORDERED: Motion to Stay Discovery as to Defendants' Collins, Wykstra and Dufour

2

(docket no. 68) based upon qualified immunity and <u>Workman v. Jordan</u>, 958 F.2d 332, 335 (10th Cir. 1992), *cert denied,* 514 U.S. 1015 (1995), is GRANTED.  Discovery is STAYED as to Defendants Collins, Wykstra, and Dufour ONLY until Judge Brimmer rules on Defendants Craig Collin's, J.D. Wyskstra's, and Timothy Dufour's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (docket no. 67) that was filed with this court on July 3, 2013 at 4:55 p.m.

(3) ORDERED: Defendants Collins, Wykstra, and Dufour shall pay to Plaintiff reasonable attorney fees for one hour for the partial deposition of Defendant Wykstra plus the costs for the court reporter for Defendant Wykstra's partial deposition and other costs associated with the partial deposition of Defendant Wykstra incurred by Plaintiff. The parties are to forthwith meet and confer to see if they can agree upon a amount.  If the parties cannot agree, then Plaintiff shall file her itemized affidavit for attorney fees and costs by July 31, 2013.  If the parties can agree on an amount, then the parties shall file their written stipulation with the court by July 31, 2013.

This court is imposing the above sanction, noting that docket no. 68 above was filed at 5:03 p.m. on July 3, 2013, which is after the close of normal business hours of this court.  Moreover, this court finds that the above motion (docket no. 68) was based upon qualified immunity, and Defendants Collins, Wykstra, and Dufour waited until the last minute to file such motion, noting that Defendant Wykstra's deposition was scheduled for Monday, July 8, 2013, and such deposition was scheduled many weeks prior to July 8, 2013. This court also takes judicial notice that July 4, 2013, was a federal holiday, and this court's chambers/courtroom was closed on Friday, July 5, 2013.  Further, this court finds July 6, 2013, was a Saturday, and July 7, 2013, was a Sunday, and this court was not in session on either July 6 or 7, 2013.  This court did not receive the referral of this motion (docket no. 68) until July 3, 2013 at 6:06 p.m., which was well after the close of business for this court on July 3, 2013.  Accordingly, this court did not actually become aware of this motion (docket no. 68) until after this court came off of the bench on other matters set on this court's docket on Monday morning July 8, 2013, the date of Defendant Wykstra's deposition.

<u>Date: July 8, 2013</u>