IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01918-PAB-MJW

MARGARITA MADRIGAL, individually
and on behalf of the Estate of Juan Contreras and as next friend of the minor children,
M.M., a minor child,
R.M.M., a minor child,
J.M., a minor child,

      Plaintiff(s),

v.

RANDALL CARROLL, individually and as a Police Officer of the City of Aurora,
CRAIG COLLINS, individually and as a Police Officer of the City of Aurora,
KEVIN ROLLINS, individually and as a Police Officer of the City of Aurora,
TIMOTHY DUFOUR, individually and as a Police Officer of the City of Aurora
J.D. WYKSTRA, individually and as a Police Officer of the City of Aurora
LELAND SILVER, individually and as a Police Officer of the City of Aurora
DANIEL J. OATES, individually, and as Chief of Police of the City of Aurora,
JOHN and JANE DOES, Aurora Police officers whose true names and identifies are unknown
CITY of AURORA, COLORADO, a municipal corporation.

      Defendant(s).

---

## ORDER REGARDING
## DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER (DOCKET NO. 65)

---

**Entered by Magistrate Judge Michael J. Watanabe**

      This matter is before the court on Defendants Carroll, Collins, Silver and

Wyukstra, in their individual capacities, Motion to Enforce Protective Order (docket no.

65).  The court has reviewed the subject motion (docket no. 65), the response (docket

no. 82), and the reply (docket no. 86).  In addition, the court has taken judicial notice of

the court's file and has considered applicable Federal Rules of Civil Procedure and case

2

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties

   to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to

   be heard;

4. That Defendants seek protection of discovery they provided to

   Plaintiff under bates numbered materials 4731 - 25062 which are at

   issue in the subject motion (docket no. 65).  Defendants argue that

   such materials as outlined above have been produced to Plaintiff

   per Plaintiff's discovery requests, are private and personal, are

   labeled **"police personnel files,"** pursuant to the Protective Order

   (docket no. 51-1), and are furthermore **"CONFIDENTIAL"** and

   therefore are subject to protection under the previously-issued

   written Protective Order (docket no. 51-1).  Moreover, Defendants

   argue that under Martinelli v. District Court, 199 Colo. 163 (Colo

   1980), Plaintiff has not presented any reason, much less a

   compelling reason, to override the clear privacy interest of the

   Defendant Officers in their police personnel files.  In addition,

3

Defendants do not dispute that privacy interests of police officers in personnel records should be narrowly construed, pursuant to Mason v. Stock, 869 F. Supp. 828, 834 (D. Kan. 1994).  However, in this case I find that the disputed materials have been turned over to Plaintiff, and Plaintiff has had access and use of such materials listed above in the prosecution of Plaintiff's case.  Accordingly, Plaintiff has not demonstrated any real prejudice, and Plaintiff has not demonstrated a compelling reason not to continued to designate the above listed materials a **"CONFIDENTIAL**;" and

5.    That in Plaintiff's response (docket no. 82), Plaintiff first argues that the designation of **"CONFIDENTIAL"** and protection under the Protective Order (docket no. 51-1) should be denied because Defendants' motion is untimely.  Here, Defendants proceeded under D.C.COLO.LCivR 7.1 [meet and confer rule] prior to filing the subject motion (docket no. 65) as outlined in the subject motion (docket no. 65).  I find that extensive conferral took place between the parties in an effort to avoid having to file the subject motion (docket no. 65) with this court as to the confidentially of the above-listed materials.  I further find that compliance with D.C.COLO.LCivR 7.1 was required prior to the filing of the subject motion (docket no. 65) and therefore in looking at the dates of conferral, the subject motion (docket no. 65) has been filed timely.

4

See paragraphs 3, 4, and 5 in the Reply  (docket no. 86) for efforts to confer between the parties.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.   That Defendants Carroll, Collins, Silver and Wyukstra, in their individual capacities Motion to Enforce Protective Order (docket no. 65) is **GRANTED**.  The bates numbered materials 4731 - 25062 described as  **"police personnel files,"** are **"CONFIDENTIAL"** and are protected under the previously-issued written Protective Order (docket no. 51-1); and

2.   That each party shall pay their own attorney fees and costs for this motion.


Done this 13th day of August 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE