IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01918-PAB-MJW

MARGARITA MADRIGAL, individually
and on behalf of the Estate of Juan Contreras and as next friend of the minor children,
M. M., a minor child,
R. M. M., a minor child,
J. M., a minor child,

Plaintiff(s),

v.

RANDALL CARROLL, individually and as a Police Officer of the City of Aurora,
CRAIG COLLINS, individually and as a Police Officer of the City of Aurora,
KEVIN ROLLINS, individually and as a Police Officer of the City of Aurora,
TIMOTHY DUFOUR, individually and as a Police Officer of the City of Aurora
J.D. WYKSTRA, individually and as a Police Officer of the City of Aurora
LELAND SILVER, individually and as a Police Officer of the City of Aurora
DANIEL J. OATES, individually, and as Chief of Police of the City of Aurora,
JOHN and JANE DOES, Aurora Police officers whose true names and identifies are unknown
CITY of AURORA, COLORADO, a municipal corporation.

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion to Reconsider Order Regarding Defendants' Motion to Enforce Protective Order (docket no. 91) [docket no. 95] is DENIED for the following reasons.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted).  "The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order." Gagliardi v. Duran, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. (quoting Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); National Bus. Brokers, Ltd. v. Jim

2

Williamson Productions, Inc., 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" National Bus. Brokers, 115 F. Supp.2d at 1256 (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

The three major grounds that justify reconsideration are : (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Shields v. Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988). Here, Plaintiffs have failed to show grounds warranting reconsideration, have not demonstrated any real prejudice, and have not demonstrated a compelling reason not to continue to designate the materials as outlined in docket no. 91 as "CONFIDENTIAL."

It is thus FURTHER ORDERED that all Bates numbered Madrigal Defendants documents [with the exception of Bates numbered 4166-4277 and 4413-4420] are properly maintained under the CONFIDENTIAL designation and are protected under the existing Protective Order.

Date: September 12, 2013