IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01918-PAB-MJW

MARGARITA MADRIGAL, individually
and on behalf of the Estate of Juan Contreras and as next friend of the minor children,
M. M., a minor child,
R. M. M., a minor child,
J. M., a minor child,

Plaintiff(s),

v.

RANDALL CARROLL, individually and as a Police Officer of the City of Aurora,
CRAIG COLLINS, individually and as a Police Officer of the City of Aurora,
KEVIN ROLLINS, individually and as a Police Officer of the City of Aurora,
TIMOTHY DUFOUR, individually and as a Police Officer of the City of Aurora
J.D. WYKSTRA, individually and as a Police Officer of the City of Aurora
LELAND SILVER, individually and as a Police Officer of the City of Aurora
DANIEL J. OATES, individually, and as Chief of Police of the City of Aurora,
JOHN and JANE DOES, Aurora Police officers whose true names and identifies are unknown
CITY of AURORA, COLORADO, a municipal corporation.

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant Leland Silver's Motion to Stay Discovery and Motion for Protective Order on Behalf of Defendants Silver, Collins and Wykstra (docket no. 89) is GRANTED as follows for the following reasons.

It is FURTHER ORDERED that a Protective Order pursuant to Rule 26(c) shall enter which shall limit again the scope of the depositions of Defendants Wykstra, Silver and Collins to only those facts specifically tailored to resolve the pending qualified immunity assertions as permitted under Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992), cert denied, 513 U.S. 1015 (1995), and Herrera v. Santa Fe Pub. Schools, 2012 WL 6846393, at *8 (D.N.M. Dec. 20, 2012).

As to the relief sought in the subject motion (docket no. 89) to stay discovery as to Defendant Leland Silver, this court finds that Mr. Silver has raised the affirmative defense of qualified immunity. For the same legal reasons as cited by this court in its

2

Order (docket no. 71) dated July 8, 2013, regarding Motion to Stay Discovery as to Defendants' Collins, Wykstra and Dufour (docket no. 68), discovery is STAYED as to Defendant Leland Silver except as to the limited discovery to resolve the qualified immunity issue. See the above paragraph for the scope of Defendant Silver's deposition that shall be permitted.

As to the protective order relief sought in the subject motion (docket no. 89) by Defendants Dufour, Wyskstra and Collins, this court takes judicial notice that an Order to Stay discovery based upon qualified immunity was entered by this court as to Defendants Dufour, Wyskstra and Collins. See docket no. 71 dated July 8, 2013. Thereafter, this court entered the following Minute Order (docket no. 81) on July 18, 2013:

> It is hereby ORDERED that the Unopposed Motion to Reconsider Magistrate Judge's Order [docket no. 71] Granting Motion to Stay Discovery As To Defendants' (sic) Collins, Wykstra and Dufour As Fact Witnesses (docket no. 79) is GRANTED finding no objection by the Defendants.
>
> In the subject motion (docket no. 79) at paragraph 3, the parties have agreed that the depositions of Collins, Wykstra, and DuFour should go forward but that the scope of their depositions should be limited to issues of fact in regard to all circumstances concerning and including the shooting and killing of the decedent Juan Contreras, which forms the basis of this lawsuit. All counsel have conferred and agree that allowing the depositions to proceed for Defendants Collins, Wykstra, and DuFour as fact witnesses would not be contrary to the interests of Defendants Collins, Wykstra, and DuFour, and Defendants did not seek to prevent their depositions as to factual witnesses. Accordingly, it is
>
> FURTHER ORDERED that the depositions of Defendants Collins, Wykstra, and DuFour may go forward within the scope as outlined above. This court's minute order (docket no. 71) is MODIFIED consistent with this minute order.

Following the entry of this Minute Order (docket no. 81) above, the deposition of Defendant Timothy G. DeFour was taken by Plaintiffs' counsel on July 25, 2013. See transcript of Defendant Timothy DeFour - docket no. 89-1. After reviewing docket no. 89-1, this court agrees with Defendants Silver, Wykstra, Defour and Collins that Plaintiffs' counsel exceeded the scope as authorized by this court in its Minute Order (docket no. 81). In particular, this court agrees that those areas of inquiry as listed in paragraphs 16 a. through 16 t, inclusive, as outlined in docket no. 89 at pages 8-10 were outside of the scope of the deposition that this court authorized in its Minute Order (docket no. 81).

Date: September 12, 2013