IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01918-PAB-MJW

MARGARITA MADRIGAL, individually
and on behalf of the Estate of Juan Contreras and as next friend of the minor children,
M.M., a minor child,
R.M.M., a minor child,
J.M., a minor child,

Plaintiff(s),

v.

RANDALL CARROLL, individually and as a Police Officer of the City of Aurora,
CRAIG COLLINS, individually and as a Police Officer of the City of Aurora,
KEVIN ROLLINS, individually and as a Police Officer of the City of Aurora,
LELAND SILVER, individually and as a Police Officer of the City of Aurora
DANIEL J. OATES, as Chief of Police of the City of Aurora,
CITY of AURORA, COLORADO, a municipal corporation.

Defendant(s).

---

**ORDER REGARDING
DEFENDANTS' MOTION FOR SANCTIONS (DOCKET NO. 108)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Defendants' Motion for Sanctions (docket no. 108).  The court has reviewed the subject motion (docket no. 108), the response (docket no. 119), and the reply (docket no. 131).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in the subject motion (docket no. 108), Defendants seek an Order to Show Cause directed to Plaintiffs' counsel, Kenneth Padilla, as to why he should not be held in contempt of court for violating the court's Order, or, alternatively, impose other sanctions sufficient to deter Plaintiffs' counsel [Mr. Padilla] and others who would continue to violate court Orders to unfairly gain an advantage in litigation. Defendants also seek an award of costs and attorney's fees incurred by Defendants in defending and participating in the improper deposition questioning and for the preparation of the subject motion (docket no. 108) under Fed. R. Civ. P. 37, D.C.COLO.LCivR. 30.3(A)(5), and 28 U.S.C. § 1927;

5. That Plaintiffs argue, in their Response (docket no. 119), that they have 1.5 hours left to complete the deposition of Defendant Silver. They further argue that the Protective Order (docket no. 106) was not entered until September 12, 2013, and therefore it did not apply to the deposition of Defendant DuFour since his deposition was

taken on July 25, 2013. Furthermore, Defendant Collins' deposition was not taken until October 11, 2013, and the subject motion (docket no. 108) was not filed with the court until October 14, 2013. In addition, Plaintiffs argue that: **"During the depositions of Defendant J.D. Wykstra on September 25, 2013 and Defendant Leland Silver on September 30, 2013**[1] **counsel for Plaintiffs [i.e., Mr Padilla] was making a record of questions that he wanted to address during the depositions that, in good faith, he thought were areas of valid inquiry and not in violation of the Protective Order (docket no. 106) entered by Magistrate Judge Watanabe."** See bottom of page 1 and top of page 2 in Plaintiffs' Response (docket no. 119). Further, Plaintiffs argue that Mr. Padilla attempted to contact, by telephone, the chambers of Magistrate Judge Watanabe on September 30, 2013,[2] to obtain a ruling on these disputed areas of inquiry during Defendant Silver's deposition, but Magistrate Judge Watanabe was not in chambers but was instead very sick and unavailable. At that point, Mr. Padilla then tried to contact Judge Brimmer's chambers for a ruling on these disputed areas of inquiry, but Judge Brimmer was unavailable. See deposition transcript of Defendant Silver, docket

---

[1] The transcript of Defendant Silver's deposition, however, states that the examination date was September 25, 2013. (Docket No. 108-2 at 1).

[2] See footnote 1, supra.

4

no. 108-2 at 205:21 - 207:17. Lastly, that a Stipulation for Dismissal [with prejudice] for Defendants Wykstra and DuFour and Motion to Withdraw their Summary Judgment Motions (docket no. 67) was filed (docket no. 117), and the claims against Defendants Wykstra and DuFour were dismissed with prejudice from this lawsuit, and their summary judgment motions (docket nos. 67 and 107) were withdrawn. See docket entry dated December 18, 2013. Lastly, it should be noted that Defendant Silver's Motion for Summary Judgment (docket no. 87) is still pending before Judge Brimmer;

6. That on July 18, 2013, this court entered the following minute order (docket no. 81):

> It is hereby ORDERED that the Unopposed Motion to Reconsider Magistrate Judge's Order [docket no. 71] Granting Motion to Stay Discovery As To Defendants' (sic) Collins, Wykstra and Dufour [sic] As Fact Witnesses (docket no. 79) is GRANTED finding no objection by the Defendants.
>
> In the subject motion (docket no. 79) at paragraph 3, the parties have agreed that the depositions of Collins, Wykstra, and DuFour should go forward but that the scope of their depositions should be limited to issues of fact in regard to all circumstances concerning and including the shooting and

       killing of the decedent Juan Contreras, which forms the basis of this lawsuit. All counsel have conferred and agree that allowing the depositions to proceed for Defendants Collins, Wykstra, and DuFour as fact witnesses would not be contrary to the interests of Defendants Collins, Wykstra, and DuFour, and Defendants did not seek to prevent their depositions as to factual witnesses. Accordingly, it is

       FURTHER ORDERED that the depositions of Defendants Collins, Wykstra, and DuFour may go forward within the scope as outlined above. This court's minute order (docket no. 71) is MODIFIED consistent with this minute order.

(docket no. 81).

7. That on July 25, 2013, Plaintiffs' counsel, Mr. Padilla, took the deposition of Defendant DuFour. During this deposition, Defendants objected numerous times to the scope of inquiry of Mr. Padilla's questions;

8. That on August 5, 2013, Defendant Silver filed his Motion for Summary Judgment (docket no. 87). In light of the qualified immunity defense, on August 13, 2013, Defendant Silver also filed a Motion to Stay of Discovery (docket no. 89);

9. That in support of Defendant Silvers' Motion to Stay (docket no. 89), Defendant Silver pointed out twenty separate improper areas

6

of inquiry and questions that were asked by Mr. Padilla during Defendant DuFour's deposition on July 25, 2013. See paragraphs 16(a) through 16(t) in docket no. 89;

10. That on September 12, 2013, this court entered the following minute order (docket no. 106):

> It is hereby ORDERED that Defendant Leland Silver's Motion to Stay Discovery and Motion for Protective Order on Behalf of Defendants Silver, Collins and Wykstra (docket no. 89) is GRANTED as follows for the following reasons.
>
> It is FURTHER ORDERED that a Protective Order pursuant to Rule 26(c) shall enter which shall limit again the scope of the depositions of Defendants Wykstra, Silver and Collins to only those facts specifically tailored to resolve the pending qualified immunity assertions as permitted under Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992), cert denied, 513 U.S. 1015 (1995), and Herrera v. Santa Fe Pub. Schools, 2012 WL 6846393, at *8 (D.N.M. Dec. 20, 2012).
>
> As to the relief sought in the subject motion (docket no. 89) to stay discovery as to Defendant Leland Silver, this court finds that Mr. Silver has raised the affirmative defense of qualified immunity. For the same legal reasons as cited by

7

this court in its Order (docket no. 71) dated July 8, 2013, regarding Motion to Stay Discovery as to Defendants' Collins, Wykstra and Dufour (docket no. 68), discovery is STAYED as to Defendant Leland Silver except as to the limited discovery to resolve the qualified immunity issue. See the above paragraph for the scope of Defendant Silver's deposition that shall be permitted.

As to the protective order relief sought in the subject motion (docket no. 89) by Defendants Dufour [sic], Wyskstra and Collins, this court takes judicial notice that an Order to Stay discovery based upon qualified immunity was entered by this court as to Defendants Dufour [sic], Wyskstra and Collins. See docket no. 71 dated July 8, 2013. Thereafter, this court entered the following Minute Order (docket no. 81) on July 18, 2013:

> It is hereby ORDERED that the Unopposed Motion to Reconsider Magistrate Judge's Order [docket no. 71] Granting Motion to Stay Discovery As To Defendants' (sic) Collins, Wykstra and Dufour [sic] As Fact Witnesses (docket no. 79) is GRANTED finding no objection by the Defendants.

8

In the subject motion (docket no. 79) at paragraph 3, the parties have agreed that the depositions of Collins, Wykstra, and DuFour should go forward but that the scope of their depositions should be limited to issues of fact in regard to all circumstances concerning and including the shooting and killing of the decedent Juan Contreras, which forms the basis of this lawsuit. All counsel have conferred and agree that allowing the depositions to proceed for Defendants Collins, Wykstra, and DuFour as fact witnesses would not be contrary to the interests of Defendants Collins, Wykstra, and DuFour, and Defendants did not seek to prevent their depositions as to factual witnesses. Accordingly, it is

FURTHER ORDERED that the depositions of Defendants Collins, Wykstra, and DuFour may go forward within the scope as outlined above. This court's minute order (docket no. 71) is MODIFIED consistent with this minute order.

Following the entry of this Minute Order (docket no. 81) above, the deposition of Defendant Timothy G. DeFour

    was taken by Plaintiffs' counsel on July 25, 2013. See

    transcript of Defendant Timothy DuFour - docket no. 89-1.

    After reviewing docket no. 89-1, this court agrees with

    Defendants Silver, Wykstra, Defour [sic] and Collins that

    Plaintiffs' counsel exceeded the scope as authorized by this

    court in its Minute Order (docket no. 81). In particular, this

    court agrees that those areas of inquiry as listed in

    paragraphs 16 a. through 16 t, inclusive, as outlined in

    docket no. 89 at pages 8-10 were outside of the scope of the

    deposition that this court authorized in its Minute Order

    (docket no. 81);

(docket no. 106).

11. That on September 25, 2013, Plaintiffs' counsel, Mr. Padilla, took the deposition of Defendant Wykstra with full understanding of the Protective Order entered by this court as outlined above. Defendants argue that Mr. Padilla again violated the court's Order, namely, the Protective Order outlined above. In support of Defendant's argument, Defendants point to various portions of Defendant Wykstra's deposition transcript to demonstrate Mr. Padilla's inquiries and questions that violate this court's Protective Order. See deposition transcript of Defendant Wykstra, docket no. 108-2, at 6:17 - 7:7; 10:5 - 11:10; 86:11 - 87:5; 91:1 - 92:4; 99-13 - 100:19; 119:17 - 120:25;

10

12. That on September 25, 2013,[3] Plaintiffs' counsel Mr. Padilla took the deposition of Defendant Silver. During this deposition, Defendants objected numerous times to the scope of inquiry of Mr. Padilla's questions. Defendants further argue that Mr. Padilla again violated the court's Order, namely, the Protective Order outlined above. In support of Defendants' argument, Defendants point to various portions of Defendant Silver's deposition transcript to demonstrate Mr. Padilla's inquires and questions that violate this Court's Protective Order. See deposition transcript of Defendant Silver, docket no. 108-2, at 11:4 -11:20; 13:9 - 13:21; 36:20 -39:24; 41:8 - 41:17-; 53:3 - 56:17; 61:1 - 61:17; 68:4 - 68:17; 69:22 - 70:7; 72:6 - 72:21; 93:13 - 93:21; 132:7 - 139:22; 159:22 - 160:21; 183:14 - 185:1; 188:5 - 188:17; 189:20 - 190:19; 191:11 - 192:24; 194:6 - 198:5; 199:1 - 200:3; 200:4 - 200:25; 201:19 - 202:17; 204:6 - 205:18; 208:2 - 208:24; and

13. That Rule 30(d) of the Federal Rules of Civil Procedure provides that "[t]he court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d);

14. That 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so

---

[3] See footnote 1, supra.

11

multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927;

15. That D.C.COLO.LCivR 30.3(d),[4] states:

> **Expenses, Costs and Fees.** When a judicial officer determines that a party or counsel unreasonably has interrupted, delayed, or prolonged a deposition, whether by excessive questioning, objecting, or other conduct, that party or its counsel, or both, may be ordered to pay each other party's expenses, including without limitation, reasonably necessary travel, lodging, reporter's fees, attorney fees, and videotaping expenses, for that portion of the deposition determined to be excessive. In addition, that party or its counsel, or both, may be required to pay all such costs and expenses for any additional depositions or hearings made necessary by its misconduct;

16. That some of Mr. Padilla's questions of Defendants Wykstra and Silver during their depositions were beyond the scope of inquiry

---

[4] At the time the depositions at issue were taken, the applicable Local Rule was D.C.COLO.LCivR 30.3(D). As of December 1, 2013, the Local Rule was amended merely to renumber it to 30.3(d), to change the first word "whenever" to "when," and to change the word "hearing" in the last sentence to "hearings." The substance of the rule remained unchanged.

12

that this court permitted in its Protective Order (docket no. 106). Those areas of inquiry that this court finds were beyond the scope of inquiry permitted by its Protective Order (docket no. 106) are listed by this court in paragraphs 11 and 12 above.  Mr. Padilla's out-of-scope questioning caused the depositions of Wykstra and Silver to be delayed and prolonged since Defendants had to object on the record before the court reporter to such inquiries being beyond the scope of this court's Protective Order (docket no. 106), which caused the depositions to last longer than necessary.  Mr. Padilla also created additional delay during the deposition of Defendant Silver by calling Magistrate Judge Watanabe's and District Judge Brimmer's chambers during Defendant Silver's deposition.  As a result of Mr. Padilla's tactical decision to ask out-of-scope questions, all four attorneys representing the Defendants billed additional attorney time to their clients that was totally unnecessary;

17. That one hour of attorney time, for each of all four defendant attorneys, was unnecessary due to Mr. Padilla's out-of-scope questioning during the deposition of Defendant Silver, and one hour of attorney time was unnecessary for each of all four defendant attorneys during the deposition of Defendant Wykstra;

18. That the attorney fees for having to prepare the subject motion (docket no. 108) and the reply (docket no. 131) were caused by Mr.

13

Padilla's out-of-scope questioning during the depositions of Defendants Wykstra and Silver; and

19. That although Mr. Padilla's conduct during the depositions of Defendants Wykstra and Silver as outlined above was in violation of this court's Protective Order (docket no. 106) and inappropriate, this court does not find that an Order to Show Cause and Contempt Citation should be issued to Mr. Padilla.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendants' Motion for Sanctions (docket no. 108) is **GRANTED;**

2. That Plaintiffs' counsel, Kenneth Padilla, shall pay as a sanction two hours of reasonable and necessary attorney time to each of the four Defendants' attorneys Marc F. Colin, Esq.; Peter Ruben Morales, Esq., Assistant City Attorney for the City of Aurora; Jonathan M. Abramson, Esq.; and Ashley M. Barr, Esq**.**  The parties are to meet and confer within seven days from the date of this Order to see if they can agree upon the amount of such attorney's fees for two hours of attorney time pertaining to the depositions of Defendants Wykstra and Silver and also on the amount of attorney's fees and costs associated with filing the

14

subject motion (docket no. 108) and the reply (docket no. 131). If the parties come to an agreement on the attorney's fees and costs, then they shall file their written stipulation as to attorney's fees and costs with this court **on or before February 12, 2014.** If the parties cannot agree, then Defendants' attorneys shall each file, **on or before February 12, 2014,** an itemized affidavit for attorney's fees and costs, and each shall file his/her written summary of qualifications and experience so that this court can determine the lodestar in setting an amount per hour for attorney time. If the parties cannot come to an agreement on attorney fees and costs, then Plaintiffs shall have **up to and including February 24, 2014,** to file any written objections to Defendants' attorneys' itemized affidavits for attorney's fees and costs and to their written summary of qualifications and experience; and

3. If the continued deposition of Defendant Silver has not already been conducted, Plaintiffs shall not be permitted to continue such deposition for the 1.5 hours reserved as a sanction for the time Plaintiffs wasted during Silver's deposition.

Done this 28th day of January 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE