IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01918-PAB-MJW

MARGARITA MADRIGAL, individually and on behalf of the Estate of Juan Contreras
and as next friend of the minor children,
M.M., a minor child,
R.M.M., a minor child,
J.M., a minor child,

    Plaintiffs,

v.

RANDALL CARROLL, individually and as a Police Officer of the City of Aurora,
CRAIG COLLINS, individually and as a Police Officer of the City of Aurora,
KEVIN ROLLINS, individually and as a Police Officer of the City of Aurora,
LELAND SILVER, individually and as a Police Officer of the City of Aurora,
DANIEL J. OATES, as Chief of Police of the City of Aurora, and
CITY of AURORA, COLORADO, a municipal corporation,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on (1) plaintiffs' Unopposed Status Report [Docket No. 196];[1] (2) plaintiffs' Motion to Enforce Settlement [Docket No. 189]; and (3) the Motion to Deposit Funds in Court Registry [Docket No. 191] filed by defendants Randall Carroll, Craig Collins, Leland Silver, Kevin Rollins, and the City of Aurora, Colorado (collectively, "defendants").

**I. BACKGROUND**

The following facts are relevant to resolving the motions now before the Court.

---

[1] Although plaintiffs labeled their motion an "Unopposed Status Report," *see* Docket No. 196 at 1, plaintiffs seek through this filing to reopen the case. Accordingly the Court construes plaintiffs' filing as a motion to reopen this case.

This matter arose out of the fatal shooting of Juan Contreras by members of the police department of the City of Aurora, Colorado (the "City"). Docket No. 1 at 2, ¶ 1. On May 2, 2014, following a settlement conference held before Magistrate Judge Kristen L. Mix, the parties executed a draft settlement agreement.[2] Docket No. 189 at 2, ¶ 1; *see also* Docket No. 190-1. The draft settlement agreement provides that "[p]ayment will be made to the registry of the U.S. District Court, with release of funds to the Plaintiffs and their counsel only after appointment of a personal representative of the Estate of Juan Contreras a.k.a. Jose Madrigal, and approval of the settlement by the Probate Court." Docket No. 190-1 at 2, ¶ 2.[3] The draft settlement agreement also states that, "[a]fter appointment of the personal representative of the estate of Juan Contreras a.k.a Jose Madrigal and appointment of a next friend/guardian for each of the minor children Plaintiffs, the $400,000 funds will be released from the registry of the Court consistent with any probate order. . . ." *Id.* at 2-3, ¶ 5.

On September 25, 2014, the District Court for Arapahoe County, Colorado (the "probate court") issued an Order of Intestacy, Determination of Heirs, and Formal

---

[2]The draft settlement agreement contemplates the parties executing a "Settlement Agreement and Release." Docket No. 190-1 at 2, ¶ 4. Plaintiffs state that defendants have refused to execute a final settlement agreement. *See* Docket No. 189 at 4, ¶ 10. For its part, the City refers in correspondence sent to plaintiffs to a settlement agreement containing "covenants," Docket No. 191-3 at 1, and to a "Settlement Agreement and Release," *id.* at 10, although the City does not attach copies of either. Defendants, however, acknowledge that the draft settlement agreement is binding. *See* Docket No. 191 at 2, ¶ 1. Thus, plaintiffs' motion is properly understood as a motion to enforce the draft settlement agreement signed on May 2, 2014.

[3]Defendants represent that this language was included because the plaintiffs include minor children and a personal representative for the Estate of Juan Contreras, who, at the time of the settlement, had not been appointed. Docket No. 194 at 1-2.

Appointment of Personal Representative.  *See* Docket No. 189-1.  The probate court's order appointed plaintiff Margarita Madrigal as the personal representative of the Estate of Juan Contreras ("the estate").  *Id.* at 2, ¶ 9.  The order named as Mr. Contreras' heirs Ms. Madrigal, plaintiffs M.M., R.M.M., J.M., and Mr. Contreras' four adult children, who are not parties to this action.  *Id.* ¶ 8.  Plaintiffs provided notice of the September 25, 2014 order to counsel for the City of Aurora on September 26, 2014.  Docket No. 189 at 2, ¶ 4.  On June 2, 2015, the probate court approved the parties' settlement as to the minor children.  *See* Docket Nos. 190-2, 190-3, 190-4.

Plaintiffs state that, despite plaintiffs' repeated demands, defendants have refused to deposit the settlement amount in the Court registry.  Docket No. 189 at 3-4, ¶ 6.  Plaintiffs further state that they have reached a settlement with Mr. Contreras' adult children, *id.* at 4, ¶ 7, and that, without the settlement funds being deposited in the registry of the Court, plaintiffs cannot proceed to a final accounting and cannot pay the amount due to Mr. Contreras' adult children.  *Id.* ¶ 8.  Plaintiffs ask the Court to enforce the parties' draft settlement agreement, to order defendants to deposit $400,000 – the amount of the settlement – into the Court registry, and to award plaintiffs attorney's fees and costs for bringing this motion.  *Id.* at 4-5.

After plaintiffs filed their motion to enforce the settlement agreement, defendants filed a motion to deposit funds in the Court registry.  Docket No. 191.  Defendants argue that their payment obligation has not been triggered because plaintiffs have not obtained probate court approval of the settlement on behalf of Mr. Contreras' estate.

*See* Docket No. 194 at 4; *see also* Docket No. 191 at 4, ¶ 8.[4]

## II. ANALYSIS

In light of the parties' settlement, this case was administratively closed on June 30, 2014. Docket No. 187. As such, before the Court can rule on matters related to the settlement, the Court must first reopen the case. Accordingly, plaintiffs' unopposed motion to reopen this case will be granted.

By filing their motion to deposit funds in the Court registry, defendants have agreed to part of the relief that plaintiffs request in their motion to enforce the settlement agreement. *See* Docket No. 189 at 4-5. In order to determine whether defendants have breached the draft settlement agreement, thereby potentially entitling plaintiffs to attorneys' fees and costs as a sanction, it is necessary to interpret the draft settlement agreement. Paragraph one indicates the amount of money that defendants will pay to settle plaintiffs' claims. Docket No. 190-1 at 2. The second paragraph indicates where such payment will be made, namely, "to the registry of the U.S. District Court." *Id.* However, neither paragraph two nor any other paragraph of the draft settlement agreement indicates when defendants' payment is to be made. Paragraph two does indicate when funds in the registry may be released to plaintiffs – "only after appointment of a personal representative of the Estate of Juan Contreras a.k.a. Jose Madrigal, and approval of the settlement by the Probate Court." *Id.* The plain meaning of this paragraph is to place two conditions on the payment of the registry funds to

---

[4]Although defendants dispute that their payment obligation has been triggered, they state that they wish to deposit the funds in the Court registry "in the interests of encouraging progress towards final resolution[.]" Docket No. 191 at 4, ¶ 10.

plaintiffs: 1) the appointment of a personal representative of the estate of Mr. Contreras and 2) the probate court's approval of the draft settlement agreement or the settlement agreement contemplated by paragraph four.

While paragraph two has a plain meaning, it must be considered in the context of paragraph five, which states that, "[a]fter appointment of the personal representative of the estate of Juan Contreras a.k.a. Jose Madrigal and appointment of a next friend/guardian for each of the minor children Plaintiffs, the $400,000 funds will be released from the registry of the Court consistent with any probate order, and the parties will file a Stipulation to Dismiss the City with prejudice." *Id*. at 2-3.  The plain meaning of paragraph five is to place two conditions on the release of funds in the registry: 1) the appointment of a personal representative of the estate of Mr. Contreras and 2) appointment of a next friend/guardian for each of the minor children plaintiffs. Therefore, paragraph two and paragraph five have one common condition for release of the funds (appointment of a personal representative for Mr. Contreras' estate) and another condition that is different from the other paragraph (probate court approval of the settlement versus appointment of next friends/guardians for the minor plaintiffs).

It is not necessary for the Court to resolve the contradictory terms in the draft settlement agreement as to when the registry funds may be released to plaintiffs. The relief that plaintiffs seek in the motion is an order for defendants to deposit funds in the registry, an award of attorneys' fees and costs for plaintiffs having to file this motion, and an award of interest. Given that no evidence has been provided that the probate court has approved the settlement agreement, and given that a condition of disbursement to plaintiffs that would provide an outside date by which defendants

5

impliedly had to deposit funds into the Court registry has not been fulfilled, defendants cannot be said to have breached the draft settlement agreement.[5] Thus, plaintiffs have failed to establish their entitlement to sanctions.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Unopposed Status Report filed by plaintiffs Margarita Madrigal, M.M., R.M.M., and J.M. [Docket No. 196] is construed as a motion to reopen this case and is **GRANTED**. It is further

**ORDERED** that defendants Randall Carroll, Craig Collins, Leland Silver, Kevin Rollins, and the City of Aurora, Colorado's Motion to Deposit Funds in Court Registry [Docket No. 191] is **GRANTED**. It is further

**ORDERED** that plaintiffs' Motion to Enforce Settlement [Docket No. 189] is **DENIED**. It is further

**ORDERED** that, within 7 days of entry of this Order, defendants shall deposit $400,000 into the Court registry. It is further

**ORDERED** that plaintiffs' Unopposed Request to Set Telephone Conference or Hearing [Docket No. 197] is **DENIED** as moot.

---

[5] Plaintiffs state that obtaining approval on behalf of the estate will be impossible, as the probate judge indicated in a hearing that it was not the probate court's place to approve the settlement on behalf of the estate and that the probate court would "only oversee the [e]state pursuant to the intestate laws of the State of Colorado." Docket No. 195 at 3. As plaintiffs do not seek disbursement of funds in the instant motion, the Court does not consider at this time whether plaintiffs are entitled to disbursement given the probate court's stated refusal to grant the approval contemplated by the draft settlement agreement. However, the parties are strongly encouraged to resolve this issue on their own.

DATED November 4, 2015.

                        BY THE COURT:

                        s/Philip A. Brimmer
                        PHILIP A. BRIMMER
                        United States District Judge